IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Jorge Alfredo Cordoba-Hernandez, | |
| Petitioner, | |
| vs. | Case No. 0:26-cv-00800-DMT-JFD |
| Kristi Noem, et al., | |
| Respondents. | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

### INTRODUCTION

[¶ 1]   THIS MATTER comes before the Court upon a Petition for Writ of Habeas Corpus filed on January 29, 2026. Doc. No. 1. On the same day, the Court entered an Order directing the Parties to Brief the Issue of Petitioner's rights as a Deferred Action for Childhood Arrivals (DACA) recipient. Doc. No. 5. On January 30, 2026, the Parties filed their Responses to the Order. Doc. Nos. 6–7. Respondents filed a Response to the Petition on February 2, 2026. Doc. No. 8. The Petitioner filed a Reply on February 4, 2026. Doc. No. 12. For the reasons set forth below, the Petition is **GRANTED** and it is **ORDERED** that the Petitioner to be released from detention.

### BACKGROUND

[¶ 2]   Petitioner is a citizen of Mexico but has lived in the United States since 2002. Doc. No. 7. He entered the United States without inspection in 2002 when he was eight years old and is currently thirty-three. Id. at 11. DHS detained the Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A) on January 5, 2026. Id. at 12. Petitioner states that he maintains a valid work permit and is a DACA recipient with protection through April 24, 2026. Id.; Doc. No. 7, p. 3. Petitioner filed a  request

to extend his DACA protections on December 1, 2025, well in advance of its approaching expiration. Doc. No. 7, p. 3. Respondents do not contest the Petitioner's DACA allegations.

## DISCUSSION

### I. Legal Standard: Habeas Corpus

[¶ 3] The Constitution provides the right to a Writ of Habeas Corpus, which requires authorities to present a detained person before the court to determine if the detainment is lawful. See U.S. Const. Art. I, § IX. "Habeas is at its core a remedy for unlawful executive detention." Munaf v. Green, 553 U.S. 674, 693 (2008). As a general matter, 28 U.S.C. § 2241 grants district courts broad jurisdiction to issue a writ of habeas corpus "as law and justice require." Jones v. Hendrix, 599 U.S. 465, 473 (2023). A prisoner can bring a petition for a writ of habeas corpus when "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Supreme Court has held that Section 2241(c)(3) confers jurisdiction on district courts to hear habeas corpus challenges to the legality of the detention of aliens. Rasul v. Bush, 542 U.S. 466 (2004).

[¶ 4] To benefit from the writ's protection, a habeas petitioner bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful. Maldonado v. Olson, 795 F. Supp. 3d 1134, 1143 (D. Minn. 2025) (collecting cases). While the Court appreciates that the Minnesota U.S. Attorney's Office is under an immense amount of stress from the volume of habeas petitions being filed and is having difficulties coordinating with ICE, the Court must also consider the Petitioner's interest in a timely resolution of this matter having been detained and separated from his family (including two children with developmental disabilities) for a month. Doc. No. 1, p. 12. Accordingly, since Respondents failed to timely respond to the Court's request for additional information about the Petitioner's location at the time the Petition was filed to potentially contest

subject matter jurisdiction (Doc. Nos. 9–11), the Court will assume Petitioner was being held in Minnesota and has jurisdiction over this matter. See Trump v. J.G.G., 604 U.S. 670, 672 (2025).

## II.     History of the DACA Program

[¶ 5]    After reviewing statutory language, relevant caselaw, and briefings filed by the parties, the Court finds the Petitioner's status as a DACA recipient necessitates his release from detention.

[¶ 6]    On June 15, 2012, the Secretary of DHS announced the DACA policy, authorizing deferred action on a case-by-case based for certain individuals who were brought to the United States as children, met specific educational and public-safety criteria, and passed background checks. Mem. From Janet Napolitano, Sec'y of DHS, Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children (June 15, 2012). Pursuant to DACA, ICE "exercise[s] prosecutorial discretion [] on an individual basis . . . by deferring action for a period of two years, subject to renewal." Dep't of Homeland Sec. v. Regents of the Univ. of Cal., 591 U.S. 1, 10 (2020). Those who meet DACA's criteria are thus granted 'affirmative … relief' from removal." Enriquez-Perdomo v. Newman, 54 F.4th 855, 863 (6th Cir. 2022) (citing Regents, 591 U.S. at 10).

[¶ 7]    Moreover, DACA recipients, like Petitioner, are treated as lawfully present for the period of deferred action. 8 C.F.R. § 236.23(d) (2024); 87 Fed. Reg. at 53, 177-80; see also Texas v. United States, 809 F.3d 134, 166 (5th Cir. 2015), aff'd by an equally divided Court, 579 U.S. 547 (2016) ("Deferred action … is much more than nonenforcement: It … affirmatively confer[s] 'lawful presence' and associated benefits ….").

[¶ 8]    In 2022, DHS promulgated a final rule codifying DACA's structure, adjudicative standards, collateral consequences, and termination procedure. Deferred Action for Childhood Arrivals, 87 Fed. Reg. 53, 152 (Aug. 30, 2022) (codified at 8 C.F.R. §§ 236.21-236.23). The rule

defined deferred action as "a form of enforcement discretion not to pursue removal of certain [noncitizens]," or a "temporary forbearance from removal." 8 C.F.R. § 236.21(c)(1).

[¶ 9]   The regulations also lay out specific procedures by which an alien's DACA protections may be terminated. 8 C.F.R. § 236.23(d). United States Citizenship and Immigration Services (USCIS), a federal agency under DHS, has exclusive jurisdiction to consider DACA applications, and it alone may terminate an alien's DACA protections. 8 C.F.R. § 236.23(a)(2), (d). With very few exceptions for national security and public safety offenses not applicable to Petitioner, USCIS may only terminate an individual's grant of DACA protections after providing them with a Notice of Intent to Terminate and an opportunity to respond prior to termination. 8 C.F.R. § 236.23(d)(1).

### III.   As a DACA Recipient, Petitioner Should be Released from Detention

[¶ 10]   While the Court agrees with the Respondents' interpretation of Section 1225(b)(2)(A) and has upheld its authority to detain aliens pursuant to that statute in many cases (See e.g., Lera Lopez v. Bondi, Civ. No. 26-586 (DMT/ECW), Order, ECF 8, (D. Minn. Feb. 2, 2026); Giler-Espin v. Lyons, Civ. No. 26-685 (DMT/DJF), Order, ECF 7, (D. Minn. Feb. 4, 2026)) Petitioner's DACA protections differentiate him from the ordinary habeas petitioner. Petitioner is a DACA recipient with protection through April 24, 2026. Doc. No. 7, p. 3. He also filed a request to extend his DACA protections on December 1, 2025, well in advance of its approaching expiration. Id. Based upon the information provided to the Court, Petitioner has complied with all government requirements related to DACA since he first applied thirteen years ago. Id. at 9. Respondents do not provide any information to refute Petitioner's claims regarding his DACA protections and compliance with its rigorous requirements. Additionally, Respondents provide no evidence to suggest that USCIS provided Petitioner with a Notice of Intent to Terminate Petitioner's DACA protections. 8 C.F.R. § 236.23(d)(1). Accordingly, Section 1225(b)(2)(A) does not apply to

- 5 -

Petitioner, and the government does not have the authority to detain or deport him because of his DACA protections.

## **CONCLUSION**

[¶ 11] Accordingly, for the reasons set forth above, the Petitioner's Habeas Petition is **GRANTED**. The Court hereby **ORDERS** Respondents to transport Petitioner to Minnesota by no later than February 10, 2026, and to release him from custody immediately upon his return to Minnesota.

[¶ 12]  **IT IS SO ORDERED**.

DATED February 5, 2026.

Daniel M. Traynor, District Judge
United States District Court